## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## FORT WORTH DIVISION

| | | |
|---|---|---|
| ZVI KRIPLE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 4:20-cv-00743-P-BP |
| | § | |
| MARCUS DEMPSEY, *et al.*, | § | |
| | § | |
| Defendants. | § | |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

Before the Court are Plaintiff's Complaint (ECF No. 3) filed on May 11, 2020 by *pro se* Plaintiff Zvi Kriple ("Kriple"), the Court's Order dated March 4, 2022 directing Kriple to perfect service of process on Defendant Marcus Dempsey (ECF No. 52), and Kriple's Response to the Order filed on March 28, 2022 (ECF No. 53). This case was referred to the undersigned for pretrial management on July 17, 2020. ECF No. 13. After reviewing the pleadings and applicable legal authorities, the undersigned **RECOMMENDS** that United States District Judge Mark T. Pittman **DISMISS without prejudice** Kriple's case against Defendant Marcus Dempsey ("Dempsey") pursuant to Federal Rule of Civil Procedure 4(m) for failing to serve process on Dempsey.

### I.    BACKGROUND

Kriple filed this case against Defendants Dempsey, Forward Diesel Repair, Inc., and Paul Doe on May 11, 2020. ECF No. 1. The record shows that although Defendants Forward Diesel Repair, Inc. and Paul Doe were served and have appeared, Dempsey has not been properly served in this case and has not filed an answer or other pleading in response to Plaintiff's Complaint. By order dated March 4, 2022, the Court ordered Kriple to serve Dempsey with a summons and copy of the Complaint on or before April 3, 2022, or the undersigned would recommend that Judge Pittman dismiss Kriple's claims against Dempsey without prejudice for failure to comply with Federal Rule of Civil Procedure 4(m). ECF No. 52. Kriple filed a response to the Court's order

on March 28, 2022, indicating that he was not able to locate and serve Dempsey. ECF No. 53. Furthermore, Kriple requested the Court to hold a sanctions hearing.

## II.    LEGAL STANDARD AND ANALYSIS

The plaintiff is responsible for having the summons and complaint served within ninety days of filing the complaint. Fed. R. Civ. P. 4(c)(1). If a defendant is not properly served within this time period, "the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m); *see, e.g.*, *Thrasher v. City of Amarillo*, 709 F.3d 509 (5th Cir. 2013).

"When service of process is challenged, the serving party bears the burden of proving its validity or good cause for failure to effect timely service." *Sys. Signs Supplies v. U.S. Dep't of Justice*, 903 F.2d 1011, 1013 (5th Cir. 1990). To establish good cause, a plaintiff must demonstrate "at least as much as would be required to show excusable neglect, as to which simple inadvertence or mistake of counsel or ignorance of the rules usually does not suffice." *Id.* (quoting *Winters v. Teledyne Movible Offshore, Inc.*, 776 F.2d 1304, 1306 (5th Cir. 1985)) (emphasis omitted). When considering an extension of time to perfect service, the court "must first determine whether good cause exists. If good cause is present, the district court must extend time for service. If good cause does not exist, the court may, in its discretion, decide whether to dismiss the case without prejudice or extend time for service." *Thompson v. Brown*, 91 F.3d 20, 21 (5th Cir. 1996) (citing *Petrucelli v. Bohringer and Ratzinger, GmbH*, 46 F.3d 1298, 1305–06 (3d Cir. 1995)) (emphasis omitted).

Here, Kriple failed to serve Dempsey within ninety days of filing the Complaint or during the many months since he filed his Complaint. Kriple has had ample time to serve Dempsey or take additional steps to locate him to effect service. He has failed to do so, and his documentation of efforts to serve Dempsey in response to the Court's Order does not show that he has any idea where Dempsey might be located to be served. Under these circumstances where Kriple has not

2

shown that additional time to serve likely would result in service of process on Dempsey, the Court should dismiss without prejudice Kriple's claims against Dempsey.

### III.    CONCLUSION

Because Plaintiff failed to serve Defendant Dempsey as required by law, the undersigned recommends that United States District Judge Mark T. Pittman **DISMISS** Plaintiff's case against Dempsey **without prejudice** so that the case may proceed against the remaining defendants who have appeared.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). To be specific, an objection must identify the particular finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

It is so **ORDERED** on March 29, 2022.


Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE

3